# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BASSO BUILDERS INC.,

        Plaintiff,

v.

TOWN OF GENEVA,

        Defendant.

Case No. 21-CV-697-JPS

**ORDER**

      Now before the Court is Defendant Town of Geneva's ("Defendant") tenth motion in limine, which pertains to "[t]he scope of available damages" should the jury find that a taking occurred in this case. ECF No. 105 at 10; *see also* ECF No. 106 (supplement). Defendant specifically argues that Plaintiff cannot recover damages for losses allegedly suffered in the form of lost profits, overhead management fees, delay in obtaining permits, and similar consequential damages that do not "relate to the value of the property" alleged to have been taken. ECF No. 105 at 17. The Court agrees, and so it will grant the motion.

      "When the state effects a taking of private property for public use, the Takings Clause requires that the person deprived of that property be paid just compensation." *Wis. Cent. v. PSC*, 95 F.3d 1359, 1368 (7th Cir. 1996). "The question of just compensation asks 'what the owner lost, not what the taker has gained.'" *Id.* (quoting *Boston Chamber of Com. v. Boston*, 217 U.S. 189, 195 (1910)). "The pecuniary value of the loss is usually gauged by the extent to which the taking deprived the owner of his ownership or dominion interest in his property, measured by the value of the property at

the time of the taking." *Id.* (citing *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 5 (1984)); *see also Town of Flower Mound v. Stafford Est., L.P.*, 71 S.W.3d 18, at *45 (Tex. Ct. App. 2022), *aff'd* 135 S.W.3d 620 (Tex. 2004) ("[T]he appropriate measure of damages in this *Dolan* takings case is the amount paid by Stafford for the Simmons Road improvements in excess of any amount roughly proportional to the impact of the Subdivision on the town's roadway system, specifically Simmons Road.").

With respect to timing, "[t]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Knick v. Twp. of Scott*, 588 U.S. 180, 190 (2019). "Precise specification of the moment a taking occurred and of the nature of the property interest taken is necessary in order to determine an appropriately compensatory remedy." *Palazzolo v. Rhode Island*, 533 U.S. 606, 639 (2001). "For example, the amount of the award is measured by the value of the property at the time of taking, not the value at some later date." *Id.* "Similarly, interest on the award runs from that date." *Id.*

"[N]ot all losses suffered by the owner are compensable under the Fifth Amendment." *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 281 (1943). Critically, just compensation "does not include 'damages' that are the 'proximate result' of the government's action." *Cully Corp. v. United States*, 163 Fed. Cl. 676, 688 (Fed. Cl. 2022) (quoting *Yuba Nat'l Res., Inc. v. United States*, 904 F.2d 1577, 1581 (Fed. Cir. 1990) ("It is a well settled principle of Fifth Amendment taking law . . . that the measure of just compensation is the fair value of what was taken, and not the consequential damages the owner suffers as a result of the taking.") and *United Sates v. Gen. Motors*, 323 U.S. 373, 380 (1945) (just compensation "does not include

losses to his business or other consequential damage")); *see also Powelson*, 319 U.S. at 281–82 ("In the absence of a statutory mandate . . . [,] the sovereign must pay only for what it takes, not for opportunities which the owner may lose. . . .").

Plaintiff cannot recover most, if not all, of the damages itemized in its "Amended Itemization of Damages" given the above authority. *See* ECF No. 100. Plaintiff seeks to recover over $112,000 in lost profit from the sales of the houses on the Violet Road lots. *Id.* at 2 (alleging $61,394.51 in lost profit as to one lot and $51,098.28 as to another pursuant to a "Lost Profit Margin" of 16.4%). It also seeks to recover for a 19-week management fee incurred during the "delay in obtaining building plan approval and issuance of building and occupancy permits." *Id.* Neither of these losses goes to the "fair value of what was taken," which is the proper measure of recovery in this case. *Yuba Nat'l Res.*, 904 F.2d at 1581. They instead represent consequential damages that Plaintiff claims to have "suffer[ed] as a result of the taking." *Id.* Plaintiff's own use of the phrase "domino effect" supports that conclusion. ECF No. 105 at 23 ("Imposition of the requirement that [Plaintiff] construct stormwater management controls . . . had a domino effect on the project. . . . [Plaintiff] incurred additional costs to manage the properties until the stormwater management controls were completed and the sales were closed, at a net loss to [Plaintiff]."). These costs, like the alleged lost profits and incurrence of management fees, are consequential damages which are simply not recoverable in this case. *See Cully Corp.*, 163 Fed. Cl. at 688 (citation omitted).

Plaintiff's response in opposition to the motion in limine entirely misses the mark and demonstrates a profound refusal to acknowledge relevant authority. At one point, Plaintiff contends that its losses in the form
Page 3 of 6
Case 2:21-cv-00697-JPS   Filed 03/27/25   Page 3 of 6   Document 115

of management fees and lost profits "resulted in a diminution of the value of the improved lots." ECF No. 105 at 21. This contention makes little if any sense. Such losses may have resulted in a diminution of the overall profitability of the deal for Plaintiff, but they had no impact on the objective value of the lots themselves.

At another point, Plaintiff cites to general information on takings, none of which is responsive to Defendant's motion. *Id.* at 25. Plaintiff at various points makes vague, generalized assertions, seemingly answering questions that nobody asked. *Id.* at 26 ("In permit denial cases . . . , a landowner suffers economic harm."); *id.* ("Federal rights must be afforded federal remedies."). Plaintiff also at times acts as if Defendant has suggested that it cannot, as a matter of law, recover any damages whatsoever. *Id.* ("Without damages, an affected property owner receives nothing while the permitting agency is emboldened to continue its improper conduct."). At no point has Defendant, or the Court, made such a suggestion.

Plaintiff also requests that the Court be persuaded by what Plaintiff refers to as "analogous" Wisconsin state cases involving "holder[s] of . . . unexpired lease hold interest[] in land." *Id.* at 27–29. In other words, instead of the federal caselaw that involves application of the Fifth Amendment of the Federal Constitution—that which is at issue in this case—Plaintiff wants the Court to be guided by state caselaw interpreting and applying the "just compensation" provision of state constitutions. The Court finds this request at odds with Plaintiff's earlier assertion that "[f]ederal rights must be afforded federal remedies." *Id.* at 26. More importantly, however, the Court is not at liberty to disregard governing federal precedent as to federal constitutional matters, and so it will decline that request. *Velasco v. Ill. Dep't of Human Servs.*, 246 F.3d 1010, 1016 (7th Cir. 2001) (citing *United States v.*

*Gillespie*, 974 F.2d 796, 804 (7th Cir. 1992)); *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1045 (7th Cir. 2010)).

At bottom, Plaintiff seeks to recover for various losses allegedly proximately caused by the taking alleged in this case so that it can be made whole. But "the Fifth Amendment . . . does not guarantee [Plaintiff] a return of [its] investment." *Powelson,* 319 U.S. at 285. "Even if Plaintiff is ultimately able to maintain a taking action, it is not entitled to the measure of damages that it seeks: [several hundred thousand dollars] in lost earnings." *Underwood Livestock, Inc. v. United States,* 79 Fed. Cl. 486, 499 n.23 (Fed. Cl. 2007). Accordingly, the Court will grant Defendant's tenth motion in limine. Plaintiff cannot recover for consequential damages allegedly suffered as a result of the alleged taking. *Yuba Nat'l Res.,* 904 F.2d at 1581. Because its amended itemization of damages largely consists of damages that Plaintiff cannot recover as a matter of law, the Court will exclude that itemization from consideration at trial. And to the extent that this Order affects the exhibits anticipated to be utilized at trial, the Court will also order the parties to file an amended exhibit list.

In closing, the Court notes that this outcome should come as no surprise to Plaintiff. Back in November 2024, just weeks before the then-scheduled jury trial, *see* ECF No. 54, the Court emphasized to the parties that "th[e] whole question of damages" had "[n]ever been addressed," despite the case being at that point approximately three and a half years old. ECF No. 78 at 3. It is a sign of bad lawyering to arrive at the final stage of your case, having apparently ignored or otherwise failed to acknowledge the fact that the vast majority of the damages that you sought to pursue cannot, in fact, be recovered as a matter of law. It is precisely to avoid situations such as this that the Court emphasizes the importance of nailing

down at an early stage jury instructions, including as to damages, "because they form the basis for claims, for defenses, for discovery requests, and the like." *Id.* Lawyers who fail or refuse to appropriately familiarize themselves at the outset with the legal scope of their own claims and the recovery available thereunder do so at their own peril.

Accordingly,

**IT IS ORDERED** that Defendant Town of Geneva's tenth motion in limine, ECF No. 105 at 10–30, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Basso Builders' amended itemization of damages, ECF No. 100, be and the same is hereby **EXCLUDED** from consideration at trial; and

**IT IS FURTHER ORDERED** that to the extent that this Order affects the exhibits anticipated to be utilized at trial, the parties shall **FILE** an amended exhibit list on or before **March 31, 2025**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge